**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000385
16-MAY-2013
10:02 AM**

NO. CAAP-13-0000385

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CAROLYN MIZUKAMI, Plaintiff-Appellant v.
DON QUIJOTE (USA) CO., LTD. AND DTRIC INSURANCE COMPANY, LTD.,
Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-3273-12)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of Plaintiff-Appellant Carolyn Mizukami's

(Appellant Carolyn Mizukami) appeal from the Honorable Virginia

L. Crandall's February 28, 2013 "Order Sustaining Objection of

Defendants Don Quijote (USA) Co., Ltd.[,] and DTRIC Insurance

Company, Ltd.[,] to Appearance of Glenn Mizukami as Attorney in

Fact for Plaintiff Carolyn Mizukami" (the February 28, 2013

interlocutory disqualification order), it appears that we lack appellate jurisdiction over appellate court case number CAAP-13-0000385 pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) under the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

The February 28, 2013 interlocutory disqualification order is not a final judgment, but, instead, it is an interlocutory order that, in effect, disqualifies Glenn Mizukami from appearing on behalf of Appellant Carolyn Mizukami before the circuit court or in any pleadings in this case. The February 28, 2013 interlocutory disqualification order is not certified for interlocutory appellate review pursuant to HRS § 641-1(b). Therefore, the February 28, 2013 interlocutory disqualification order is not appealable unless it qualifies under the collateral order doctrine. As the Supreme Court of Hawai'i has explained,

an order granting or denying a motion to disqualify a party's counsel

> d[oes] not determine the merits of the case, and it can be final for the purpose of appeal only if it comes within the collateral order doctrine of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), embracing "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

Gomes v. Kauwe's Heirs, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970) (emphasis added; holding than an order denying a motion to disqualify counsel is not appealable as a matter of right); Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d 1320, 1323-24 (1980) (holding that an order granting a motion to disqualify counsel is not appealable as a matter of right). "In order to fall within the narrow ambit of the collateral order doctrine, the order must [1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment." Siangco v. Kasadate, 77 Hawai'i 157, 161, 883 P.2d 78, 82 (1994) (citations and internal quotation marks omitted; original brackets). The Supreme Court of Hawai'i has held that the collateral order doctrine does not apply to an order denying a motion to disqualify counsel:

> In this case, we do not think that appellants will suffer immediate and irreparable injury by a denial of their appeal. If the circuit court erred, that question may be raised on appeal from judgment on the merits. . . . . To allow appeals from all orders denying disqualification of attorneys will invite delay by piecemeal appeals.

Gomes v. Kauwe's Heirs, 52 Haw. at 127, 472 P.2d at 120 (citations omitted); see also Wong v. Fong, 60 Haw. 601, 604, 593

P.2d 386, 389 (1979). Likewise, the Supreme Court of Hawai'i has also specifically held that the collateral order doctrine does not apply to an order <u>granting</u> a motion to disqualify counsel, because, among other things, the Supreme Court of Hawai'i would prefer that the aggrieved party either (1) seek permission from the circuit court for an interlocutory appeal by way of HRS § 641-1(b) so that the circuit court can decide whether to incur the added expense and disruptive delay of an interlocutory appeal or (2) petition the Supreme Court of Hawai'i for a writ of mandamus:

> We have already held, however, that orders denying disqualification are interlocutory and hence not appealable as of right under the rule, <u>Gomes v. Heirs of Kauwe</u>, 52 Haw. 126, 472 P.2d 119 (1970), and while a distinction could be drawn between an order denying and an order granting disqualification, we are not of the view that appeal from the latter order should be accorded as a matter of right. The <u>Cohen</u> rule was intended by the Supreme Court to apply only to those cases which were too important to be denied review through the appellate process, and we are reluctant, at least insofar as it concerns attorney disqualifications, to expand the doctrine much beyond that which necessitated its formulation in the first instance.

> We recognize, of course, the importance of a party's right to be represented by his chosen counsel, and we are not unmindful of the inconvenience that may be visited upon him by reason of his counsel's disqualification. But the party whose counsel is disqualified is not without some means of judicial review. He may move the trial court for permission to take an interlocutory appeal. HRS s 641-1. And while the motion would be addressed to the sound discretion of the trial court, the process does enable the trial court to perform the important and necessary function of isolating cases meriting appellate review from those that would result in unnecessary expense and delay. Automatic appeal, as of right, in every case of counsel disqualification would preclude the utilization of this salutary procedural screening device.

> The trial court, being intimately familiar with the nature and course of the litigation, is in the best possible position to determine whether special circumstances exist to warrant interlocutory appellate review of the attorney's disqualification. Failing in his efforts to obtain interlocutory review, the party affected by the disqualification may still petition this court for a writ of mandamus to direct the trial court to set aside its order of disqualification. <u>Cf.</u> <u>Wong v. Fong</u>, 60 Haw. 601, 593 P.2d 386 (1979).

Chuck v. St. Paul Fire and Marine Insurance Company, 61 Haw. at 556-57, 606 P.2d at 1323-24 (footnotes omitted); see also Straub Clinic & Hospital v. Kochi, 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996) ("This court has determined that a petition for a writ of mandamus and/or prohibition is an appropriate vehicle for reviewing an order of disqualification."  (Citation omitted)). Under the holding in Chuck v. St. Paul Fire and Marine Insurance Company, the collateral order doctrine does not apply to the February 28, 2013 interlocutory disqualification order.

Thus, we lack appellate jurisdiction to review the February 28, 2013 interlocutory disqualification order, and Appellant Carolyn Mizukami's appeal is premature.  Without appellate jurisdiction, the only appropriate remedy is to dismiss appellate court case number CAAP-13-0000385.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action.  Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case.  The lack of subject matter jurisdiction can never be waived by any party at any time.  Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).  Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000385 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  May 16, 2013.

Chief Judge

Associate Judge

Associate Judge